**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

GLORIA JONES,

                Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

**PARTIES**

7.      Plaintiff Gloria Jones is a natural person.

8.      The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant LVNV Funding, LLC is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

12.   The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly attempts to collect debts alleged to be due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.   Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to HSBC (hereinafter the "Account").

19.   The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with HSBC.

21.    After the Account went into default with it was placed or otherwise transferred to the Defendant for collection.

22.    The Defendant alleges that it purchased the Account after it went into default with HSBC.

23.    The Plaintiff disputes the Account.

24.    The Plaintiff requests that the Defendant cease all further communication on the Account.

25.    The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26.    The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s) including Financial Recovery Services, Inc..

27.    In 2012 the Defendant placed the Account with Financial Recovery Services, Inc. for collection from the Plaintiff.

28.    In the year prior to the filing of the instant action the Plaintiff and the Defendant via its agent(s), including Financial Recovery Services, Inc., had telephone conversation(s) regarding the Account.

29.    The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

30.    The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31.    The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32.    The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant, including Financial Recovery Services, Inc., had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.    In November 2012 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its agent, Financial Recovery Services, Inc..

34.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Plaintiff disputed the Account.

35.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Plaintiff stated: I never borrowed that much.

36.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Plaintiff stated: I'm disputing this bill with your company.

37.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Defendant via its agent, Financial Recovery Services, Inc., stated: You are?

38.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Plaintiff stated: Yes.

39.    During the telephone conversation in November 2012 between the Plaintiff and the Defendant via its agent, Financial Recovery Services, Inc., the Defendant via

its agent, Financial Recovery Services, Inc., stated: Ok. I will go ahead and mark that.

40.   The Plaintiff disputed the Account with the Defendant via its agent, Financial Recovery Services, Inc., in November 2012.

41.   Prior to November 2012 the Defendant's agent, Financial Recovery Services, Inc. notified the Defendant that the Account was disputed.

42.   The Defendant was aware that the Account was disputed in November 2012.

43.   Prior to December 2012 the Defendant was aware that the Account was disputed.

44.   Prior to December 2012 the Defendant was informed that the Account was disputed.

45.   Prior to December 2012 the Defendant was aware that in November 2012 the Plaintiff disputed the Account.

46.   Prior to December 2012 the Defendant was aware that in November 2012 the Plaintiff stated during a telephone call with the Defendant via its agent, Financial Recovery Services, Inc., regarding the Account: "I'm disputing this bill with your company" and "I never borrowed that much".

47.   In December 2012 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

48.   In December 2012 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

49.   In December 2012 the Defendant communicated to Transunion that the balance on the Account was: $4,057.

50.   On or before December 2012 the Defendant communicated to Transunion that the Original Creditor on the Account was: HSBC BANK NEV FURN ROW TIER 2 (Financial).

51.   In December 2012 the Defendant failed to communicate to Transunion that the Account was disputed.

52.   In December 2012 the Defendant did not communicate to Transunion that the Account was disputed.

53.   The information communicated to Transunion by the Defendant in December 2012 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

54.   The information communicated to Transunion by the Defendant in December 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

55.   The only reason that the Defendant communicated the information regarding the Account in December 2012 to Transunion was to attempt to collect the Account.

56.   In January 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

57.   In January 2013 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

58.  In January 2013 the Defendant communicated to Transunion that the balance on the Account was: $4,115.

59.  On or before January 2013 the Defendant communicated to Transunion that the Original Creditor on the Account was: HSBC BANK NEV FURN ROW TIER 2 (Financial).

60.  In January 2013 the Defendant failed to communicate to Transunion that the Account was disputed.

61.  In January 2013 the Defendant did not communicate to Transunion that the Account was disputed.

62.  The information communicated to Transunion by the Defendant in January 2013 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

63.  The information communicated to Transunion by the Defendant in January 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

64.  The only reason that the Defendant communicated the information regarding the Account in January 2013 to Transunion was to attempt to collect the Account.

65.  After November 2012 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

66.  After November 2012 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

67.    After November 2012 when the Defendant communicated information regarding the Account to Transunion the Defendant failed to communicate to Transunion that the Account was disputed.

68.    After November 2012 when the Defendant communicated information regarding the Account to Transunion the Defendant did not communicate to Transunion that the Account was disputed.

69.    The information communicated to Transunion by the Defendant after November 2012 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

70.    The information communicated to Transunion by the Defendant after November 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

71.    The only reason that the Defendant communicated the information regarding the Account after November 2012 to Transunion was to attempt to collect the Account.

72.    Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

73.    Upon information and belief the Defendant via its agent, Financial Recovery Services, Inc., made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74.     Upon information and belief the Defendant via its agent, Financial Recovery Services, Inc., made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75.      Upon information and belief the Defendant via its agent, Financial Recovery Services, Inc., has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76.     Upon information and belief the Defendant via its agent, Financial Recovery Services, Inc., has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

77.     Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant via its agent, Financial Recovery Services, Inc., made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

78.     Upon information and belief the Defendant via its agent, Financial Recovery Services, Inc., sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

79.    Upon information and belief the Defendant's and its agent's, Financial Recovery
Services, Inc., copies of the audio recording(s) of its telephone conversation(s)
with the Plaintiff in the year prior to the filing of the instant action substantiate the
Plaintiff's allegations in this action.

80.    The Defendant and its representative(s), employee(s) and / or agent(s)
statement(s) and action(s) constitute false or misleading representation(s) or
mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

81.    The Defendant and its representative(s), employee(s) and / or agent(s)
statement(s) and action(s) constitute unfair or unconscionable means to collect
or attempt to collect a debt and violate FDCPA 1692f preface.

82.    "The Act is a strict liability statute; violations of the Act do not need to be
intentional to be actionable." Smith v. National Credit Systems, Inc., 807
F.Supp.2d 836, 840 (D.Az. 2011).

83.    "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate
"one violation of its provisions" to be entitled to a favorable judgment." Doshay v.
Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo.
2011).

84.    The FDCPA is a remedial statute, it should be construed liberally in favor of the
consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

85.    As a consequence of the Defendant's collection activities and
communication(s), the Plaintiff seeks damages pursuant to FDCPA
1692k(a).

## RESPONDEAT SUPERIOR

86.    The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

87.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

88.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

89.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

90.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

91.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

92.    The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

93.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

94.    The previous paragraphs are incorporated into this Count as if set forth in full.

95.    The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

96.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable

attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.   U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson            _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff